LAW OFFICE OF
## MARC FERNICH

MARC FERNICH maf@fernichlaw.com  
ALSO ADMITTED IN MASSACHUSETTS

800 THIRD AVENUE, FLOOR 18  
NEW YORK, NEW YORK 10022  
212-446-2346  
FAX: 212-459-2299  
www.fernichlaw.com

Oct. 9, 2020

**BY EMAIL (Alyssa_Lopez@nyep.uscourts.gov)**

Alyssa Lopez  
USPO-EDNY  
147 Pierrepont St.  
Brooklyn, NY 11201

    Re:    *US v. Yun Lei Huang*, 18 CR 408 (S-2)-002 (EDNY) (BMC)

Dear Ms. Lopez:

    Yun Lei Huang objects to his draft presentence report on the legal grounds below. I await factual objections, if any, from my client.

**PARAGRAPHS 44-46, 74:** Huang's New York State Driving while Ability Impaired adjudication – a traffic infraction, not a criminal offense or conviction – is similar to, and not categorically more serious than either, "Careless or reckless driving" or "Minor traffic infractions (*e.g.*, speeding)." USSG § 4A1.2(c). Accordingly, and because Huang was not sentenced to more than a year's probation or at least 30 days in prison, the DWAI violation doesn't count as a prior sentence and Huang didn't "commit[] the instant offense while under any criminal justice sentence." *Id*.; USSG § 4A1.1(c)-(d). That remains true despite the amended version of § 4A1.2's Application Note 5, effective Nov. 1, 2012. The latter provision, inapplicable to New York DWAI infractions, is inconsistent with § 4A1.2's plain text and would lead to absurd results if so applied. Huang therefore has zero criminal history points, placing him in CHC I – not II. The resulting advisory guideline range is 24-30 months – not 27-33. *See US v. Paredes*, 185 F. Supp. 3d 287 (EDNY 2016); *US v. Walia*, No. 14-CR-213 (MKB), 2016 WL 4257347 (EDNY Aug. 11, 2016); *cf. US v. Valente*, 688 F. App'x 76, 78 (CA2 2017); *US v. Potes-Castillo*, 638 F.3d 106 (CA2 2011).

    Alternatively, for the reasons given in *Paredes* and *Walia*, CHC II overstates the severity of Huang's criminal record – non-existent since New York DWAI isn't a crime at all – meriting a downward departure or variance. *See* USSG § 4A1.3(b); 18 USC § 3553(a). As a further alternative, the court should reject Application Note 5 and vary downward on policy grounds. *See Kimbrough v. US*, 552 U.S. 85 (2007); *Rita v. US*, 551 U.S. 338 (2007).

USPO Alyssa Lopez
Oct. 9, 2020
Page 2

**PARAGRAPHS 19, 46**: On information and belief, any false USCIS form was prepared by an "immigration mill"-type law office based on a stock model or generic template, and merely "submitted" (your word) by or on behalf of Huang, who doesn't speak, read, write or understand English. An upward departure is thus unwarranted and inappropriate, particularly with Huang facing potential removal. *See* Draft PSR ¶ 85; *Paredes*, 185 F. Supp. 3d at 298.

    Thank you for your attention and consideration.

                              Respectfully,

                              Marc Fernich

cc:    All counsel (email)